NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 6 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BALKRISHNA SETTY, individually and as general partner in Shrinivas Sugandhalaya Partnership with Nagraj Setty; SHRINIVAS SUGANDHALAYA (BNG) LLP, Plaintiffs-Appellees, v. SHRINIVAS SUGANDHALAYA LLP, Defendant-Appellant. | No. 18-35573 D.C. No. 2:17-cv-01146-RAJ MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 3, 2019[**]
Seattle, Washington

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

Shrinivas Sugandhalaya LLP ("SS LLP"), an incense manufacturing

company based in Mumbai, appeals the district court's order denying its motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

compel arbitration and to grant a stay in a trademark action brought by Balkrishna Setty ("Balkrishna") and his company Shrinivas Sugandhalaya (BNG) LLP ("BNG LLP"), located in Bangalore.

We review de novo the district court's denial of a motion to compel arbitration. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017). We review a district court's order denying a motion to stay pending arbitration for abuse of discretion. *Alascom, Inc. v. ITT North Elect. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984).

SS LLP, citing the arbitration clause in the Partnership Deed, seeks to compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. § 201 *et seq.* and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2. Our recent decision in *Yang v. Majestic Blue Fisheries, LLC*, 876 F.3d 996 (9th Cir. 2017) forecloses both arguments.

It is undisputed that SS LLP is not a signatory to the Partnership Deed. In fact, SS LLP was not even in existence at the time the Partnership Deed was signed. As a non-signatory, SS LLP may not compel arbitration under the New York Convention. *See Yang*, 876 F.3d at 1001 (interpreting the Convention's phrase "signed by the parties" to include only signatories or parties to the agreement under which the litigant moves to compel and holding that "the [New

York Convention] does not allow non-signatories or non-parties to compel arbitration.").

To the extent that SS LLP seeks to compel arbitration under the FAA, this argument also fails. Under the FAA, a non-signatory may invoke arbitration if state law permits. *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–32 (2009). However, where the FAA allows what the Convention prohibits, the Convention controls. *See Yang*, 876 F.3d at 1002 ("To the extent the FAA provides for arbitration of disputes with non-signatories or non-parties, it conflicts with the Convention Treaty and therefore does not apply."); 9 U.S.C. § 208 ("Chapter 1 [of the FAA] applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the [New York] Convention as ratified by the United States").

SS LLP makes a couple of other arguments on appeal. First, SS LLP argues that BNG LLP and SS LLP are parties to the Deed of Partnership because they are both "assigns" of the respective brothers. This argument was not raised before the district court, does not have much support in the record, and requires fact-finding that our court is not positioned to conduct. Second, SS LLP argues that, because the arbitration process "has begun" in India (through SS LLP serving a demand on Balkrishna), a stay is appropriate. This argument was dismissed by the district court in a separate order that is not before our court.

Because the New York Convention does not permit SS LLP to compel arbitration, the district court did not abuse its discretion in denying a stay of proceedings pending arbitration.

**AFFIRMED.**